**UNITED STATES of America**

v.

**Derrick FORRESTER.**

**Crim. No. H–89–97 (JAC).**

United States District Court,
D. Connecticut.

Nov. 10, 1993.

Theodore B. Heinrich, Asst. U.S. Atty., Bridgeport, CT, for Government.

Norman A. Olch, New York City, Gerald M. Klein, Hartford, CT, for defendant.

## RULING ON DEFENDANT'S SPEEDY TRIAL MOTION

JOSÉ A. CABRANES, Chief Judge:

Pending before the court is the defendant's Motion for Order Extending Time to File Speedy Trial Motion, and for Order Dismissing Indictment on Speedy Trial Grounds (filed September 14, 1993) ("speedy trial motion"). The question presented is, first, whether the court should extend the time for the defendant to file his speedy trial motion or whether the motion should be denied as untimely. If the motion is not denied as untimely, the next question is whether the court should dismiss the indictment on speedy trial grounds or, in the alternative, hold an evidentiary hearing on the issue.

### BACKGROUND

The defendant, Derrick Forrester, was originally charged with conspiracy to export cocaine in a criminal complaint and arrest warrant issued on February 27, 1989. Subsequent to that date, three of the defendant's co-conspirators were arrested, pled guilty, and agreed to cooperate with the Government. On November 29, 1989, a grand jury returned a two-count indictment charging the defendant with conspiring to export and distribute cocaine in violation of 21 U.S.C. §§ 841(a), 846, and 963. The defendant was ultimately arrested on January 24, 1993 during a traffic stop in Colorado, and he pled not guilty on February 19, 1993. On July 2, 1993, after a trial, a jury returned a verdict of guilty on both counts.

Despite the court's Scheduling Order of February 19, 1993, which directed that the defendant file any motions, such as motions to dismiss, by no later than March 19, 1993, the defendant failed to raise his speedy trial motion until after trial on September 14, 1993.

### DISCUSSION

#### I.

The threshold question is whether the court should extend the time for the defen-

dant to file his speedy trial motion or whether the motion should be denied as untimely. As an initial matter, it should be noted that the district court has the authority to establish a schedule of deadlines for defendants to file motions and requests prior to trial. *See* Fed.R.Crim.P. 12(c).[1] By failing to file his speedy trial motion within the deadlines set by the court, a defendant waives his right to assert the motion. *See* Fed.R.Crim.P. 12(f).[2]

### A.

In support of his speedy trial motion, the defendant notes that this court may, for cause shown, permit a defendant to file a pretrial motion after the time for doing so under the court's scheduling order has expired. *See* Fed.R.Crim.P. 12(f). The defendant concedes that this application for enlargement of time lies in the sound discretion of the district court. *See* Defendant's Memorandum of Law in Support of Defendant's Motion (filed October 12, 1993) ("Defendant's Memorandum"), at 2–3.

In requesting this court to exercise that discretion favorably, the defendant asks the court to look to three factors: (1) the reason for the delay in filing the motion; (2) the merits of the underlying claim; and (3) whether the Government will be prejudiced if the enlargement of time is granted. *See* Defendant's Memorandum at 3.

According to the defendant, the reason for the delay in filing the speedy trial motion was the ineffective assistance of Attorney Gerald M. Klein. The defendant contends that Mr. Klein failed to make a timely speedy trial motion because he was misinformed with respect to the constitutional standard for determining whether there has been a speedy trial violation and because he did no research to make his understanding current with the law. More particularly, the defendant claims that Mr. Klein was unaware of *Doggett v. United States,* — U.S. —, 112

S.Ct. 2686, 120 L.Ed.2d 520 (1992), where the Supreme Court held that a showing of actual prejudice is not a prerequisite to a successful speedy trial motion. According to the defendant, Mr. Klein's failure to conduct the most basic research regarding the defendant's speedy trial claim denied the defendant the effective assistance of counsel. This attorney error, the defendant posits, constitutes proper cause under Rule 12(f) for enlarging the time to file a motion.

As for the merits of the motion, the defendant maintains that the delay of 47 months from criminal complaint to indictment—from February 1989 to January 1993—is sufficiently long to conclude that the defendant was presumptively prejudiced by the delay. The defendant further maintains that he was not the cause of the delay. Relying on the trial testimony of Charmaine Stewart, the defendant argues that he was not aware of the indictment until after his arrest and that he took no steps to conceal his identity or whereabouts.

According to the defendant, the Government has cited no specific evidence to show that it conducted a diligent search for the defendant or that the defendant was a fugitive. Indeed, the defendant asserts that the action of the Government in this case was negligent, even lethargic. The defendant therefore contends that the merits of his speedy trial claim are substantial.

Finally, the defendant claims that the Government will not be prejudiced if the time to make the motion is enlarged.

### B.

In response, the Government argues that the defendant has waived his right to object to untimely prosecution. According to the Government, the defendant's reliance on *Doggett v. United States* is misplaced. In that case, the Government contends, the record affirmatively established that the eight-

---

1.  Rule 12(c) provides that "[u]nless otherwise provided by local rule, the court may, at the time of the arraignment or as soon thereafter as practicable, set a time for the making of pretrial motions or requests and, if required, a later date of hearing."

2.  Rule 12(f) provides that "[f]ailure by a party to raise defenses or objections or to make requests which must be made prior to trial, at the time set by the court pursuant to subdivision (c), or prior to any extension thereof made by the court, shall constitute waiver thereof, but the court for cause shown may grant relief from the waiver."

and-one-half-year delay between indictment and arrest was caused by the Government's negligence. Here, to the contrary, the Government argues that the defendant has in no way successfully demonstrated the negligence of the Government. Indeed, the Government contends that it pursued the defendant with reasonable diligence.

The Government claims that the defendant's reliance on the testimony of Charmaine Stewart is also misplaced. According to the Government, the record clearly rebuts Ms. Stewart's assertions that the defendant was not aware that he was being sought by the authorities. The Government further maintains that—even if Ms. Stewart's statements are accurate—the record in no way supports a finding that the Government's efforts to find the defendant were not reasonably diligent. Finally, the Government argues that the delay has not caused the defendant any actual prejudice, and that the defendant's speedy trial motion is frivolous. As a result, the Government urges the court to deny the defendant's motion as untimely.

## II.

### A.

■ At the heart of the defendant's motion is the argument that the merits of his speedy trial claim are substantial. The court disagrees. As *Doggett* points out, the merits of a speedy trial motion rest on four factors, enumerated in *Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 2192, 33 L.Ed.2d 101 (1972): (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right to a speedy trial; and (4) the prejudice to the defendant. Each of these factors will be addressed in turn.

### (1)

With regard to the first *Barker* factor, there is no doubt that the interval between accusation and trial would be sufficient at least to trigger a speedy trial analysis. *See Doggett,* —— U.S. at —— - ——, —— n. 1, 112 S.Ct. at 2690–91, 2691 n. 1. In assessing the merits of the defendant's speedy trial claim, the court therefore turns to the other three *Barker* factors. Unfortunately for the defendant, all of these factors weigh heavily against him.

### (2)

As for the second *Barker* factor, the defendant's attempt to analogize this case to *Doggett* is utterly without foundation. Indeed, the record in *Doggett,* where the defendant was indicted on February 22, 1980 and not arrested until September 1988, affirmatively demonstrated an inexcusable pattern of repeated carelessness on the part of the Government, a pattern that is not even remotely suggested by the record here.

In *Doggett,* the Government failed to realize that the entry of the defendant's name in the National Crime Information Center computer system had expired only seven months after the indictment. Additionally, the Government knew that the defendant was under arrest in Panama and did nothing more than ask Panamanian officials to "expel" him to the United States. The Government then failed to follow up on this request and made no further attempts to locate the defendant. In any event, the American Embassy in Panama actually told the State Department in 1982 of the defendant's departure to Colombia, but that information somehow eluded the Drug Enforcement Administration ("DEA"), which continued to assume for several years that the defendant was in Panama. When the DEA agent investigating the defendant fortuitously became aware of the defendant's presence in Colombia, he made absolutely no effort to confirm this information or locate the defendant. This pattern of "lethargy," *see Doggett,* —— U.S. at ——, 112 S.Ct. at 2691, is highlighted by the Government's failure to uncover the fact that the defendant had actually returned to the United States on September 25, 1982, where he passed unhindered through international customs in New York City. Finally, in September 1988, eight and one half years after the indictment, when the Marshal's Service ran a simple credit check on several thousand people subject to outstanding arrest warrants, the Government found out, within minutes, where the defendant worked and lived. *See id.* at ——, 112 S.Ct. at 2689–91.

Here, in support of his speedy trial motion, the defendant merely notes that he lived and

worked under his own name; that he frequently traveled to Hartford from New York City to visit his parents and to work; that his name and address appeared on their child's birth certificate; and that a credit card and driver's license were issued in his name. *See* Defendant's Memorandum at 7. It should be noted, however, that the credit cart issued to the defendant in this case was not issued until 1992. *See* Certified Official Transcript of Trial at 24 (July 2, 1993) (Testimony of Charmaine Stewart).

It is clear that the facts of this case do not even remotely approach the record of *Doggett*, where the Government actually knew where the defendant was and failed to make even the minimal efforts or inquiry in order to obtain him. Unlike *Doggett*, there is simply no evidence on this record of "the Government's egregious persistence in failing to prosecute." —— U.S. at ——, 112 S.Ct. at 2694. Moreover, the defendant has cited no authority—and the court is unable to find any authority—for the proposition that, merely because the defendant lived openly, the burden now shifts to the Government to affirmatively establish that it was not negligent.

Indeed, the issue properly presented at this juncture is whether the defendant has shown cause for enlarging the time to file a speedy trial motion, an issue not even addressed by *Doggett* where the speedy trial motion was timely. The burden is therefore on the *defendant* to establish that the reasons for the delay in filing the motion, the merits of the motion, and the degree of prejudice to the Government if the time is enlarged militate in favor of relief. The defendant's claim that the court should extend the time for filing the motion absent a showing by the Government that it was not negligent is therefore unconvincing.

In sum, the court finds that, on this record, the defendant has not persuasively demonstrated, or even successfully suggested, that the Government was negligent in any manner in its efforts to find the defendant. The defendant has therefore not shown that the second of the *Barker* criteria weighs in favor of extending the time to file his speedy trial motion.

(3)

The defendant next contends that, like the defendant in *Doggett*, he was unaware of the indictment. On this record, that claim is unpersuasive. In *Doggett*, the Government introduced no evidence whatsoever to the district court challenging the testimony supporting the defendant's claim that he was unaware of the indictment. Indeed, the Government in that case explicitly conceded that it had no information that the defendant was aware of the indictment. *See* —— U.S. at ——, 112 S.Ct. at 2691.

Here, to the contrary, the Government introduced ample evidence rebutting the testimony of Ms. Stewart, who claimed that the defendant was unaware that he was being sought by the authorities. As the Government rightly notes, this evidence established that the defendant was using an alias in conducting his smuggling operation; that he quickly left a hotel in Stamford, Connecticut on February 3, 1989 after a police officer identified him in the company of Jerilyn DeLuco; that co-conspirator Darlene King was arrested in England during a smuggling attempt on February 24, 1989; that the defendant's brother "Tony" told DeLuco that King had been arrested and that DeLuco should flee to Missouri; that DeLuco and two others involved in the conspiracy were subsequently arrested; that an arrest warrant for Derrick Forrester, the defendant, and a search warrant for 16 Durham Street in Hartford, the residence of the defendant's parents, were issued on February 27, 1989; that law enforcement officers executed the search warrant shortly thereafter; that Special Agent Seymour, the case agent, told the defendant's parents that there was a warrant for his arrest; and that the defendant's parents spoke with Ms. Stewart and told her, at the very least, that federal agents had searched the home.

This plentiful circumstantial evidence rebuts the testimony of Ms. Stewart and establishes that the defendant knew that he was being sought in connection with his drug trafficking activity. Indeed, the record supports the Government's assertion that it is particularly incredible for the defendant, who has admitted participating in the cocaine ex-

portation conspiracy,[3] to maintain that he did not know he was wanted when federal agents had searched his prior residence and specifically asked his parents about his whereabouts.

Accordingly, the court finds that the defendant was aware of the nature of the charges against him and that, as a result, his efforts to elude authorities and his failure to assert his right to a speedy trial weigh heavily against him. *See Doggett,* —— U.S. at ——, 112 S.Ct. at 2691. In sum, the defendant has not sufficiently established that the third *Barker* factor militates in favor of enlarging the time to file his speedy trial motion.

(4)

Finally, the defendant, relying on *Doggett,* asserts that the substantial delay between criminal complaint and arrest creates a presumption of prejudice to the defendant. The defendant's reliance on *Doggett,* however, is unavailing, and without more, the defendant's claim of prejudice must fail.

Contrary to the assertions of the defendant, the *Doggett* case simply does not stand for the blanket presumption that any substantial delay between accusation and arrest prejudices the defendant. Rather, in that case, the Court placed heavy emphasis on the district court's finding that the delay was caused by the Government's negligence. *See* —— U.S. at ——, 112 S.Ct. at 2691. The Court also stressed the Government's failure to introduce to the district court any evidence whatsoever challenging the testimony which supported the defendant's claim that he was unaware of the indictment and the Government's express acknowledgment that it had no information that the defendant was aware of the indictment. *See id.* Here, to the contrary, the court has already found that the defendant has not successfully demonstrated either that the Government was negligent or that the defendant was unaware of the charges against him.

Furthermore, the defendant has in no way persuasively demonstrated, nor does the record reveal, any actual prejudice due to the delay. Indeed, the defendant's whole claim of prejudice appears to rest solely on the *presumptive* prejudice that supposedly arises when the delay before trial is uncommonly long. To reiterate, however, the length of the delay from formal accusation to arrest is simply not dispositive. The Supreme Court in *Doggett* made clear that the issue of presumptive prejudice depends heavily on the nature of the Government's conduct. *See Doggett,* —— U.S. at —— – ——, 112 S.Ct. at 2693–94. Thus, presumptive prejudice is at its strongest when the Government has delayed its prosecution in bad faith. Meanwhile, presumptive prejudice is weaker, albeit still present, when the Government's behavior has been negligent. Here, where the court has found no negligence on the part of the Government, simple reliance on *Doggett,* without any showing of *actual* prejudice, will not suffice.

In sum, the court finds that the defendant has not adequately demonstrated either actual or presumptive prejudice. He has therefore failed to establish that the fourth *Barker* consideration weighs in favor of enlarging the time to file his speedy trial motion.

B.

In further support of his motion, the defendant maintains that Attorney Klein's failure to file a timely speedy trial motion based on *Doggett v. United States* greatly prejudiced the defendant and deprived him of effective representation, and that this failure therefore constitutes cause for the purposes of Fed.R.Crim.Pro. 12(f). This argument is without merit. It should first be noted that the defendant does not claim that any other aspect of Attorney Klein's representation was defective in any way. Moreover, the court finds dubious the readiness of Attorney Klein, who is still representing the defendant, to embrace a theory of ineffective assis-

---

**3.** In the defendant's Objections to First Draft of the Presentence Report (filed October 1, 1993), the defendant objects to the denial of a reduction of his offense level under the Sentencing Guidelines pursuant to U.S.S.G. § 3E1.1 for acceptance of responsibility. At page 5, the defendant states: "while the PSR does not explain the denial, it appears from the report it was denied because the defendant, although thoroughly admitting his involvement in the interview with the probation officer, did not also submit a written account of his involvement."

**48**

tance of counsel grounded on his own professional default.

In any event, for Mr. Klein to have been negligent in failing to invoke the *Doggett* case, that case must, in the first instance, be apposite to this case. The court has already found that it is not. Indeed, the thrust of the defendant's argument is that since *Doggett* establishes a *presumption* of prejudice to the defendant, Attorney Klein's failure to file a timely speedy trial motion based on his belief that there was no *actual* prejudice constituted ineffective assistance of counsel. Yet the court has already determined that this presumptive prejudice does not apply here inasmuch as the defendant has failed to establish either that the Government was negligent or that the defendant was unaware of the charges against him. Under such circumstances, Attorney Klein's failure to invoke the *Doggett* case appears not to be of much consequence.

Hence, Attorney Klein's failure to locate *Doggett* does not rise to the level of ineffective assistance of counsel under any arguable criteria and does not constitute cause for enlarging the time for the defendant to file his speedy trial motion.

### C.

 The defendant finally argues that this motion poses no prejudice to the Government. Assuming for the argument that it is true that in the circumstances presented here there can be no showing of prejudice to the Government, it bears noting that the absence of prejudice to the Government, standing alone, is hardly sufficient to warrant extending the time for filing this motion. Inasmuch as the defendant has failed to establish either cause or a meritorious claim, the court in such circumstances would have to decline the invitation to extend the time to file his speedy trial motion.

As it happens, the defendant cannot realistically suggest that there is no prejudice to the Government if his speedy trial motion is granted. The Government has expended significant time, energy, and resources in order to conduct a trial and obtain a jury conviction; if the defendant's motion were granted, it is possible that all this effort would count

for naught. Given the limited resources and heavy criminal docket facing the Government, the court cannot be so cavalier as to assert that the wasted expense in conducting a full-fledged trial would pose no prejudice to the Government.

### CONCLUSION

In sum, the defendant's speedy trial motion is denied as untimely and the court has no occasion to hold an evidentiary hearing on the matter.

Based upon the record, including the oral arguments of counsel, the defendant's Motion for Order Extending Time to File Speedy Trial Motion, and for Order Dismissing Indictment on Speedy Trial Grounds (filed September 14, 1993) (doc. # 41) is hereby DENIED.

It is so ordered.